J-S35026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK LHERISON | : | |
| | : | |
| Appellant | : | No. 1249 MDA 2022 |

Appeal from the PCRA Order Entered August 4, 2022
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000572-2017

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED:  DECEMBER 27, 2023**

Patrick Lherison appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-46. He presents a layered ineffectiveness claim, arguing prior counsel were ineffective for failing to argue that the Pennsylvania Constitution provided greater protection from warrantless searches of motor vehicles than its federal counterpart and that **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014), should be overturned. We affirm.

Lherison was arrested after controlled substances were found in his vehicle following a traffic stop. Lherison filed a pretrial motion to suppress arguing, among other things, that the search of his car was conducted without a search warrant and without probable cause. **See** Defendant's Omnibus Pre-

_____

[*] Retired Senior Judge assigned to the Superior Court.

Trial Motion, filed Sept. 15, 2011, at ¶ 4(B). In the memorandum in support of the motion, Lherison noted that previously in Pennsylvania both probable cause and a search warrant were required to search a vehicle, unless exigent circumstances existed. *See* Defendant's Br. in Support of Omnibus Pre-Trial Motion, filed Sept. 15, 2011, at 8. However, he then pointed out that in *Gary*, which at that time was a recent case, the Pennsylvania Supreme Court concluded that only probable cause was needed to search a vehicle.

Following a bench trial, the court found Lherison guilty of two counts each of possession of a controlled substance with the intent to deliver ("PWID"), intentional possession of a controlled substance, and possession of drug paraphernalia, and one count each of delivery of a controlled substance and criminal use of a communication facility.[1] Lherison filed a motion in arrest of judgment and motion for new trial, which the trial court denied.

In March 2018, the trial court sentenced Lherison to an aggregate term of 11 to 27 years' incarceration and 16 years' probation. Lherison filed a motion to modify the sentence, which the trial court denied. Lherison filed a timely notice of appeal. In the concise statement of matters complained of on appeal, Lherison raised, among other issues, whether the trial court erred in denying the motion to suppress where the evidence seized from his vehicle was pursuant to a search conducted without probable cause and without a search warrant and the search and seizure violated the United States and

---

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), 35 P.S. § 780-113(a)(3), and 18 Pa.C.S.A. § 7512(a), respectively.

Pennsylvania Constitutions' prohibitions against unreasonable searches and seizures. Pa.R.A.P. 1925(b) Statement at ¶ 3. This Court affirmed on September 19, 2019, and, in April 2020, the Pennsylvania Supreme Court denied allowance of appeal.

In April 2021, Lherison filed the instant timely *pro se* PCRA petition. The court appointed counsel. PCRA counsel filed a **Turner/Finley**[2] letter and petition to withdraw as counsel. Lherison filed objections.

In June 2022, the court vacated the judgment of sentence and amended the sentence to reflect the "correct RRRI eligibility of [110] months" and granted credit for time served. Amended Order, filed June 21, 2022.

In July 2022, the court issued notice of its intent to dismiss the PCRA petition without a hearing. The notice stated that Lherison's request for relief was denied, and then immediately states, "As such, NOTICE IS HEREBY GIVEN, pursuant to Pennsylvania Rule of Criminal Procedure 907, that the Defendant has the right to respond to this proposed dismissal within twenty (20) days of the date of this filing." **See** Notice of Intention to Dismiss Under Pennsylvania Rule of Criminal Procedure 907, filed July 8, 2022.

On August 4, 2022, the court denied the PCRA petition. Later that same day, the court received a letter postmarked July 22, 2022, in which Lherison requested copies of transcripts so that he could respond to the notice of intent to dismiss. He asked the court to "bear with [him] in regards to the timeline

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

for response to the motion to dismiss dated July 8, 2022[,] received July 15, 2022." Letter from Lherison to the Clerk of Court and Trial Judge.

Lherison filed a timely appeal and, in January 2023, the court appointed new counsel. In the amended concise statement of matters complained of on appeal, Lherison noted that prior to this Court's decision affirming the judgment of sentence, the Pennsylvania Supreme Court granted a petition for allowance of appeal in *Commonwealth v. Alexander*,[3] where the issue presented was whether *Gary* should be overruled as inconsistent with the protections afforded by the Pennsylvania Constitution. Lherison noted that his direct appeal counsel filed a petition for allowance of appeal after the Court granted review in *Alexander*. However, he did not allege that he was entitled to greater privacy protections under the Pennsylvania Constitution and that *Gary* should be overruled. The 1925(b) statement alleged PCRA and appellate counsel ineffectiveness for failing to challenge *Gary*.

Lherison raises the following issues on appeal:

> A. Whether the PCRA Court erred and/or abused its discretion where it denied/refused to rule on [Lherison's] request for leave to amend his PCRA Motion and, therefore, did not address all of the claims raised in [Lherison's] PCRA Motion/amended PCRA Motion?
>
> B. Did appellate counsel, on direct appeal, render ineffective assistance of counsel in failing [to] engage in research of law and argue before the Superior Court and Supreme Courts of Pennsylvania, in a petition for allowance of appeal, that Article I, § 8 of the Pennsylvania Constitution, provided

---

[3] *Commonwealth v. Alexander*, No. 151 EAL 2019 (Pa. filed Sept. 24, 2019).

greater protection than its federal counterpart, contrary to **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014), a plurality decision, and that the trial court erred in failing to suppress the search and seizure of evidence [Lherison's] vehicle and contained in bags and a safe located in the front and rear passenger compartments of that vehicle without a search warrant where exigency circumstances did not exist?

Lherison's Application to Amend Appellant's Br., at Exh. A at 4.

Lherison first argues the court erred when it dismissed his amended PCRA petition without providing notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(1). He claims the court's notice of intent to dismiss provided reasons for the intended future dismissal but denied his *pro se* PCRA petition outright, claiming the court did not provide notice that he could amend the motion for the court to consider before dismissal. He claims that in August 2022 "the trial court again denied, by formal order, [Lherison's] PCRA [m]otion," but "by its Notice of Intent, it had effectively denied [Lherison's] *pro se* PCRA [m]otion." Lherison's Br. at 19.

Lherison further argues that in July 2022, he mailed a motion seeking to amend his PCRA petition, which the trial court did not receive until after its August order dismissing the petition. He states that the PCRA court did not address his motion to amend in any order.

This claim does not warrant relief. Although the notice of intent to dismiss stated the claims were denied, it also provided Lherison with 20 days to respond to the notice and, after the 20 days, the court issued an order denying the petition. **See** Notice of Intention to Dismiss Under Pennsylvania Rule of Criminal Procedure 907, filed July 8, 2022. Furthermore, although both

Lherison and the PCRA court mention an amended PCRA petition postmarked July and received August 4, 2022, there is no such document in the certified record. The document matching those dates in the record requests additional time to respond to the Rule 907 notice. It does not assert any amendments to the PCRA petition or include any attachment with PCRA claims, and no other document in the record contains amended PCRA claims.[4] Because the alleged amended petition is not in the record, we cannot review the claim the court erred in its handling of the document. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*) (stating "if a document is not in the certified record, the Superior Court may not consider it").

Lherison next argues that PCRA counsel was ineffective for not asserting direct appeal counsel's ineffectiveness in not arguing that the Pennsylvania Constitution provided greater privacy rights than the United States Constitution and that *Gary* should be overruled. He claims appellate counsel should have engaged in research to determine that a case with a similar issue was pending before the Pennsylvania Supreme Court and file a petition for allowance of appeal raising the issue. He argues neither counsel had a reasonable basis for failing to raise the arguments and that he was prejudiced.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v.*

---

[4] The PCRA court states that the claims raised in the document mirrored those raised in the PCRA petition and response to the *Turner/Finley* letter.

*Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019) (citation omitted). To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011) (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279). "To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-28 (Pa. 2011). Counsel will not be deemed ineffective "for failing to anticipate a change in the law." *Commonwealth v. Rollins*, 738 A.2d 435, 451 (Pa. 1999).

In *Gary*, a three-Justice plurality of the Pennsylvania Supreme Court declared that Article I, Section 8 of the Pennsylvania Constitution did not provide greater protection regarding warrantless searches of motor vehicles than its federal counterpart and the "law governing warrantless searches of motor vehicles [was] coextensive with federal law under the Fourth

Amendment" and therefore required only probable cause. 91 A.3d at 138. A fourth Justice concurred.

Five days after this Court affirmed Lherison's judgment of sentence, on September 24, 2019, the Pennsylvania Supreme Court granted a petition for allowance of appeal to address whether to overrule or limit *Gary* as "inconsistent with privacy protections under Article I, § 8, and this Court's decisions protecting privacy through the warrant requirement[.]" *Commonwealth v. Alexander*, Order, 151 EAL 2019, 218 A.3d 380 (Pa. filed Sept. 24, 2019). After review, the Court held in December 2020 that the Pennsylvania Constitution allows warrantless searches of vehicles only where there is both probable cause and exigent circumstances. *Commonwealth v. Alexander*, 243 A.3d 177,181 (Pa. 2020).

Nonetheless, *Alexander* is "not automatically" retroactive. *Commonwealth v. Heidelberg*, 267 A.3d 492, 502 (Pa. Super. 2021) (*en banc*). To have retroactive effect, the defendant must have "preserved [an *Alexander* claim] at all stages of adjudication up to and including the direct appeal" by challenging both probable cause and exigency. *Id.* at 503 (citation and quotation marks omitted).

At the time of Lherison's trial in 2018 and appeal in 2019, *Gary* was the prevailing law in Pennsylvania. Indeed, the Supreme Court did not even grant review in *Alexander* until after this Court had rendered its decision in Lherison's direct appeal. Counsel was not required to anticipate a change in law and therefore, was not ineffective for failing to raise the issue. *See*

*Rollins*, 738 A.2d at 451. As a result, PCRA counsel cannot be found ineffective for failing to challenge direct appeal counsel's performance on this basis. Furthermore, Lherison's trial counsel did not preserve an *Alexander* claim in the trial court, and Lherison has not claimed trial counsel was ineffective. Lherison has thus not presented a properly layered ineffectiveness claim that could afford him relief.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/27/2023